**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NYJEW HAGGRAY,

      Plaintiff,          **ANSWER**
                      9:16-cv-32
      vs.             MAD/DEP

COUNTY OF ALBANY, CRAIG APPLE, Albany County Sheriff, THOMAS WIGGER, former Superintendent, MICHAEL POOLE, Sergeant, DAMIEN ANZALONE, Corrections Officer, ORLANDO COSENTINO, Corrections Officer, WILLIAM REDDY, JOHN DOES 1-4, Corrections Officers, CORRECTIONAL MEDICAL CARE, INC., EMRE UMAR, DR. S. AZAZ HAIDER-SHAH, Facility Physician, DARRA HOTOPP, Registered Nurse, JOHN/JANE DOES 5-8, nurses,

      Defendants.

Defendant County of Albany, (hereinafter called Answering Defendant), by and through their attorney, the Albany County Attorney Daniel C. Lynch (Sia Zois Googas, *of Counsel)*, as and for an Answer to Plaintiff's Complaint, states as follows:

### **AS TO THE INTRODUCTION:**

1. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 1 of the Complaint.

### **AS TO JURISDICTION:**

2. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 3 of the Complaint.

## AS TO PARTIES:

4. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 4 of the Complaint.

5. Admits the allegations in paragraph 5 of the Complaint that Albany County is a government entity subject to the laws of the State of New York and lack knowledge and information sufficient to form a belief as to the remaining allegations.

6. Admits the allegations in paragraph 6 of the Complaint that Craig Apple is the Albany County Sheriff and lack knowledge and information sufficient to form a belief as to the remaining allegations.

7. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 17 of the Complaint.

## AS TO FACTS:

18. Denies each and every allegation in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint are questions of law, and therefore no response is necessary; to the extent to the extent the Court requires a response, Answering Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 25 of the Complaint.

26. Denies each and every allegation in paragraph 26 of the Complaint.

27. Denies each and every allegation in paragraph 27 of the Complaint.

28. Denies each and every allegation in paragraph 28 of the Complaint.

29. Denies each and every allegation in paragraph 29 of the Complaint.

30. Denies each and every allegation in paragraph 30 of the Complaint.

31. Denies each and every allegation in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 47 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION:

48. Admits, denies, denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in paragraphs 1 through 47 of the Complaint with the same force and effect as if set forth fully herein.

49. Denies each and every allegation in paragraph 49 of the Complaint.

50. Denies each and every allegation in paragraph 50 of the Complaint.

51. Denies each and every allegation in paragraph 51 of the Complaint.

52. Denies each and every allegation in paragraph 52 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION:

53. Admits, denies, denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in paragraphs 1 through 52 of the Complaint with the same force and effect as if set forth fully herein.

54. The allegations in paragraph 54 of the Complaint are questions of law, and therefore no response is necessary; to the extent to the extent the Court requires a response, Answering Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 54.

55. Denies each and every allegation in paragraph 55 of the Complaint.

56. Denies each and every allegation in paragraph 56 of the Complaint.

57. Denies each and every allegation in paragraph 57 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION:

58. Admits, denies, denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in paragraphs 1 through 57 of the Complaint with the same force and effect as if set forth fully herein.

59. Denies each and every allegation in paragraph 59 of the Complaint.

60. Denies each and every allegation in paragraph 60 of the Complaint.

61. Denies each and every allegation in paragraph 61 of the Complaint.

62. Denies each and every allegation in paragraph 62 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION:

63. Admits, denies, denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in paragraphs 1 through 62 of the Complaint with the same force and effect as if set forth fully herein.

64. The allegations in paragraph 64 of the Complaint are questions of law, and therefore no response is necessary; to the extent to the extent the Court requires a response, Answering Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 64.

65. The allegations in paragraph 65 of the Complaint are questions of law, and therefore no response is necessary; to the extent to the extent the Court requires a response, Answering Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 65.

66. The allegations in paragraph 66 of the Complaint are questions of law, and therefore no response is necessary; to the extent to the extent the Court requires a response, Answering Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 66.

67. Denies each and every allegation in paragraph 67 of the Complaint.

68. Denies each and every allegation in paragraph 68 of the Complaint.

69. Denies each and every allegation in paragraph 69 of the Complaint.

70. Denies each and every allegation in paragraph 70 of the Complaint.

71. Denies each and every allegation in paragraph 71 of the Complaint.

72. Denies each and every allegation in paragraph 72 of the Complaint.

73. Denies each and every allegation in paragraph 73 of the Complaint.

74. The allegations in paragraph 74 of the Complaint are questions of law, and therefore no response is necessary; to the extent to the extent the Court requires a response, Answering Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph 74.

75. Denies knowledge or information sufficient to form a belief as to the truth or accuracy of each and every allegation contained in in paragraph 75 of the Complaint.

76. Denies each and every allegation in paragraph 76 of the Complaint.

77. Denies each and every allegation in paragraph 77 of the Complaint.

78. Denies each and every allegation in paragraph 78 of the Complaint.

79. Denies each and every allegation in paragraph 79 of the Complaint.

80. Denies each and every allegation in paragraph 80 of the Complaint.

81. Denies each and every allegation in paragraph 81 of the Complaint.

## AS TO THE DEMAND FOR PUNITIVE DAMAGES:

82. .Denies the allegations in paragraph 82 of the Complaint that the actions of the individual defendants were extreme and outrageous, shock the conscience of a reasonable person, and that an award of punitive damages is appropriate; however, Answering defendants Admits the allegation in paragraph 82 of the Complaint that Plaintiff does not seek punitive damages against Defendant County of Albany.

## AS TO THE DEMAND FOR TRIAL BY JURY:

83. Admits the allegation in paragraph 83 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

84. The actions set forth in the Plaintiff's Complaint are barred by the applicable statute of limiations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

85. The Plaintiff has failed to obtain personal jurisdiction over the Answering Defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

86. The plaintiff has failed to comply with the applicable provisions of the General Municipal Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

87. That the Plaintiff has failed to state a cause of action or claim against the Answering Defendant upon which relief can be granted.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

88. That at all times herein mentioned, the Answering Defendant was acting in its official, public capacity, in a proper public forum and his actions, activities and spoken words were unconditionally and unqualifiedly privileged.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

89. That any force used by the Answering Defendant was both reasonable and necessary and not excessive under the facts and circumstances.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

90. That the conduct of the Answering Defendant, its agents, officers and employees was not extreme or outrageous.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

91. That in entering upon the activity in which the Plaintiff engaged at the time of the happening of the incident set forth in the Complaint, Plaintiff knew the hazards thereof and the inherent risk to such activity and had full knowledge of the methods to be used in the performance of such activity and the danger thereof; whatever injuries or damages the Plaintiff may have sustained at the time and place alleged in the Complaint, were caused in whole, or in part, or were contributed to by the culpable conduct and want of care on the part of the Plaintiff and without any negligence, fault, or want of care on the part of the Answering Defendant, or its agents, servants, and/or employees.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE:

92. Any damages sustained by the Plaintiff, as alleged in the Complaint, were caused, in whole or in part, by the negligent acts and/or omissions of third parties over which the Answering Defendant have no control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

93. That the occurrence and damages resulting therefrom alleged in the Complaint were the result of an emergency situation over which the Answering Defendant had no control.

## AS AND FOR AN ELEVENTHAFFIRMATIVE DEFENSE:

94. That, upon information and belief, plaintiff's economic loss, if any, as specified in CPLR 4545, was replaced and indemnified, in whole or in part, from collateral sources and Answering Defendant are entitled to have the Court consider same in determining such special damages as provided in CPLR4545.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

95. The Answering Defendant's liability to the Plaintiff, if any, is limited pursuant to Article 16 of the Civil Practice Law and Rules.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

96. That any and all acts of the Answering Defendant's, or servants and employees of the answering defendant were performed in good faith and without malice.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

97. That there was no malice, intent or design on the part of the Answering Defendant to injure the Plaintiff.

## AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

98. That the conduct of the Answering Defendant, its agents, officers and employees do not shock the conscience of the Court.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

99. That any actions on the part of the Answering Defendant and its agents, officers, and employees were justified.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

100. That based upon the aforesaid, the Answering Defendant and its agents, officers and employees acted in accordance with lawful procedure and were justified in all of their actions at the aforesaid time and place.

## AS AND FOR AN EIGTHTEENTH AFFIRMATIVE DEFENSE:

101. That whatever injuries that may have been sustained by the Plaintiff were sustained by reason of Plaintiff's own intention and wrongful conduct.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE:

102. That is it was not clear at the time of the official acts herein that an interest asserted by Plaintiff was protected by the Federal Statute of the Constitution of the United States.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE:

103. That it was objectively reasonable in light of the absence of clearly established law for the Answering Defendant herein to believe that its acts did not violate Plaintiff's constitutional rights.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE:**

104.    That the Answering Defendant had no policy or custom to deprive citizens of their constitutional rights.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE:**

105.    That the Answering Defendant herein is entitled to the qualified immunity defense.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE:**

106.    Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Answering Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of New York, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE:**

107.    Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates Answering Defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Unites States Constitution and the Constitution of the State of New York, and violated Answering Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed. Answering Defendant is informed and believes, and on that basis alleges, that Plaintiff's Complaint, and each

cause of action therein, is barred by reason of Article VI of the United States Constitution.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE:

108. Plaintiff is not entitled to recover the punitive damages demanded in the Complaint as the awarding of such damages would be in violation of the Answering Defendant's rights under the Constitution of the United States of America and the Constitution of the State of New York, and more particularly, nut not excessively, in violation of the Answering Defendant's right to substantive and procedural due process.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE:

109. Plaintiff has failed to mitigate any of her alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

110. That the Plaintiff may not recover punitive damages against the municipality or defendants sued in their official capacity.

## AS AND FOR A TWENTY-EIGTH AFFIRMATIVE DEFENSE:

111. Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

## AS AND FOR A TWENTY-NINETH AFFIRMATIVE DEFENSE:

112. That the Plaintiff did not fall within the category of persons protected by the Eighth Amendment.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE:

113. The Answering Defendant is entitled to qualified immunity for civil damages insofar as their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE:

114. Plaintiff failed to sufficiently allege a violation of an enumerated constitutional or statutory right.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE:

115. Plaintiff has failed to allege any unconstitutional actions taken by the Answering Defendant.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE:

116. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to comply with the Prisoner Litigation Reform Act and failed to exhaust any other applicable administrative remedies.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE:

117. That the search and seizure alleged in the Complaint were conducted pursuant to a valid search warrant.

## AS AND FOR A CROSS-CLAIM AGAISNT CO-DEFENDANT'S: CORRECTIONAL MEDICAL CARE, INC., EMRE UMAR, DR. S. AZAZ HAIDER-SHAH, DARRA HOTOPP

118. That, upon information and belief, the injuries and damages alleged in the Complaint, if any, occurred solely by reason of the liability, negligence, and/or culpable conduct on the part of Co-Defendant's Correctional Medical Care, Inc., Emre Umar, Dr. S. Azaz Haider-Shah, and Darra Hotopp.

119. In the event the Answering Defendant is determined to have been liable, negligent, and/or culpable, as alleged, Answering Defendant's liability, negligence and/or culpability was passive, secondary, derivative and partial to the primary and direct liability, negligence and/or culpability of Co-Defendant's Correctional Medical Care, Inc., Emre Umar, Dr. S. Azaz Haider-Shah, and Darra Hotopp.

120. In the event the Plaintiff recovers judgements in any amounts, the Answering Defendant, is entitled to full or partial, contractual and common law, indemnification and/or contribution against Co-Defendant's Correctional Medical Care, Inc., Emre Umar, Dr. S. Azaz Haider-Shah, and Darra Hotopp.

**WHEREFORE**, Answering Defendant demands judgment dismissing Plaintiff's Complaint in its entirety as against him, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated: March 21, 2016                                  DANIEL C. LYNCH
                                                       ALBANY COUNTY ATTORNEY

                                                       /s/ Sia Zois Googas
                                                       _____
                                                       Sia Zois Googas, *of counsel*
                                                       Assistant Albany County Attorney
                                                       Bar Roll No. 519723
                                                       *Attorney for Answering defendants*
                                                       112 State Street, Room 600
                                                       Albany, New York, 12207
                                                       Telephone: 518-447-7110
                                                       Telefax: 518-447-5564
                                                       sia.googas@albanycounty.com

TO:     Jessica Gorman
    *Attorney for Plaintiff*
    Law Office of Jessica Gorman
    74 Chapel Street, 2nd Floor
    Albany, New York, 12207
    (via ECF)


        Jonathan E. Symer
    *Attorney for Co-Defendants*
Steinberg, Symer Law Firm
27 Garden Street
Poughkeepsie, New York 12601
(via ECF)