UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NYJEW HAGGRAY,                                                   Civil Action No. 9:16-cv-32

                        Plaintiff,

vs.                                                              **ANSWER**

COUNTY OF ALBANY, CRAIG APPLE,
Albany County Sheriff, THOMAS WIGGER,
former Superintendent, MICHAEL POOLE,
Sergeant, DAMIEN ANZALONE, Corrections Officer,
ORLANDO COSENTINO, Corrections Officer,
WILLIAM REDDY, JOHN DOES 1-4,
Corrections Officers, CORRECTIONAL MEDICAL
CARE, INC., EMRE UMAR, DR. S. AZAZ
HAIDER-SHAH, Facility Physician, DARRA HOTOPP,
Registered Nurse, JOHN/JANE DOES 5-8, nurses,

                        Defendants.
_____

      Defendants, Dr. S. Azaz Haider-Shah, Darra Hotopp, RN, and John/Jane Does 5-8, nurses, as an for and Answer to the Plaintiff's Complaint, by and through their attorneys, Petrone & Petrone, P.C., set forth, upon information and belief, as follows:

      1.    **DENY** the allegations set forth in paragraph 1, 2, 3, 33, 34, 35, 36, 37, 59, 61, and 62 of the Complaint.

      2.    **DENY** having knowledge or information sufficient to form a belief regarding the allegations contained in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 54, 55, 56, 57, 60, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82 of the Complaint.

      3.    **DENY** in the form and manner states the allegations set forth in paragraphs 15, 16, 17, and 60 of the Complaint.

---

**Petrone & Petrone, P.C.    1624 Genesee Street    Utica, New York 13502**

4. **DENY** each and every allegation of the Complaint not herein specifically admitted or denied and deny each and every allegation which repeats and re-alleges each allegation in the manner previous denied.

## FOR A FIRST AFFIRMATIVE DEFENSE

5. Upon information and belief, the incident complaint of in the Complaint and the alleged damages were caused by Plaintiff's culpable conduct.

6. Plaintiff should be barred from recovering by reason of the fact that the subject incident was entirely result of the culpable conduct on the part of the Plaintiff or in the event that the Plaintiff is entitled to recovery, the amount of damages otherwise recoverable should be diminished in proportion to the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## FOR A SECOND AFFIRMATIVE DEFENSE

7. If the answering Defendants are found liable to the Plaintiff, said Defendants' responsibility for the incident described in the Complaint is less than 51% of the total liability assigned to all persons liable and therefore any recovery for the non-economic loss against these answer Defendants should be limited to each Defendant's percentage of liability.

## FOR A THIRD AFFIRMATIVE DEFENSE

8. If the Plaintiff recovers a verdict against any of these answering Defendants, said Defendants request the liability of all the Defendants be apportioned pursuant to CPLR Article 14.

## FOR A FOURTH AFFIRMATIVE DEFENSE

9. Any injury and damages sustained by the Plaintiff was worsened by the failure of the Plaintiff to act to mitigate such injury and damage.

## FOR A FIFTH AFFIRMATIVE DEFENSE

10. In the event that the injuries and damages alleged in the Complaint were caused by the culpable conduct of anyone other than the Plaintiff himself, such damages will have been caused and brought about by the culpable conduct other than these answering Defendants.

## FOR A SIXTH AFFIRMATIVE DEFENSE

11. Upon information and belief, some or all of the damages alleged in Plaintiff's Complaint are barred and/or subject to the qualifications and limitations of the provisions of § 4545 of the CPLR.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

12. Upon information and belief, the Plaintiff's claim may be barred by the applicable statute of limitations.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. Plaintiff has failed to state a cause of action or claim against these answering Defendants.

## FOR A NINTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to obtain personal jurisdiction over some or all of the answering Defendants.

## FOR A TENTH AFFIRMATIVE DEFENSE

15. Plaintiff has failed to allege any unconstitutional actions taken by any of the answering Defendants.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16. Plaintiff has failed to allege conduct by the answering Defendants which was "deliberately indifferent" to Plaintiff's medical needs.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

17. Plaintiff has failed to allege a serious medical need.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff has failed to allege conduct by the answering Defendants that rises to the level of the standard of awarding punitive damages.

## FOR AN FOURTEETH AFFIRMATIVE DEFENSE

## AND BY WAY OF CROSS CLAIM AGAINST THE DEFENDANTS

13. If Plaintiff sustained damages as alleged in the Complaint as a result of acts, omissions or culpable conduct of any persons other than himself, and if any judgment is recovered by him as against these answering Defendants, such damages will have been brought about in whole or in part by acts, omissions or culpable conduct of some or all of the remaining Defendants herein and these answering Defendants will accordingly be entitled to indemnity from said Defendants or to contribution from said Defendants in proportion to the degree that their acts, omissions or culpable conduct brought about the Plaintiff's damages, if any, for the amount of judgment entered against these answering Defendants.

**WHEREFORE**, judgment is demanded as follows:

1. Dismissing the Complaint;

2. Diminishing damages otherwise recoverable pursuant to Article 14-a of the CPRL;

3. Striking punitive damages;

4. Determining the relevant culpability of all parties to this action and awarding contribution pursuant to Article 14 of the CPRL; and

5. The grounds of deponent's belief as to all matters not states upon his own knowledge are as follows:

---

**Petrone & Petrone, P.C.     1624 Genesee Street     Utica, New York 13502**

      a.      Review of the Summons and Complaint; and

      b.      Review of the file and limited investigation by Stephanie Viscelli Cicci, Esq.

The undersigned affirms that the foregoing statements are true under penalty of perjury.

Dated: April 8, 2016

                Yours, etc.

                */s/ Stephanie Viscelli Cicci*

                Stephanie Viscelli Cicci, Esq.
                PETRONE & PETRONE, P.C.
                Fed. Bar Roll No. 507439
                *Attorneys for Defendants Dr. S. Azaz Haider-Shah, Darra Hotopp, RN, Robert Laventurn, RN, identified as John/Jane Doe, Lori Griffen, RN, identified as John/Jane Doe, and Tracy Backus, TN, identified as John/Jane Doe*
                Office and Post Office Address:
                1624 Genesee Street
                Utica, New York 13502
                (315) 735-7566
                Email: s.viscelli@pnpny.com

TO:    TO: Jessica Gorman
        *Attorney for Plaintiff*
        Office and Post Office Address:
        Law Office of Jessica Gorman
        74 Chapel Street, 2nd Floor
        Albany, New York, 12207

cc: Daniel C. Lynch, Esq.
Albany County Attorney
*Attorney for Co-Defendants*
*County of Albany,*
*Craig Apple, Albany County Sheriff,*
*Thomas Wigger, former Superintendent,*
*Michael Poole, Sergeant,*
*Damien Anzalone, Corrections Officer,*
*Orlando Costentino, Corrections Officer,*
*William Reddy, and*
*John Does 1-4, Corrections Officers*
Office and Post Office Address:
112 State Street, Room 600
Albany, New York, 12207

Jonathan E. Symer
*Attorney for Co-Defendants*
*Correctional Medical Care, Inc., and*
*Emre Umar*
Office and Post Office Address:
Steinberg, Symer Law Firm
27 Garden Street
Poughkeepsie, New York 12601