UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------X   Index No.: 9:16-cv-32 (MAD/DEP)
NYJEW HAGGRAY,
                Plaintiff,   Assigned to: Hon. Thomas J.
                                    McAvoy, Senior U.S. District
   -against-                       Judge and Hon. David E.
                                    Peebles, U.S. Magistrate Judge
COUNTY OF ALBANY, CRAIG APPLE,
Albany County Sheriff, THOMAS WIGGER,
former Superintendent, MICHAEL POOLE,
Sergeant, DAMIEN ANZALONE, Corrections
Officer, ORLANDO COSENTINO, Corrections    **MEMORANDUM OF LAW**
Officer, WILLIAM REDDY, JOHN DOES 1-4,
Corrections Officers, CORRECTIONAL
MEDICAL CARE, INC., EMRE UMAR,
DR. S. AZAZ HAIDER-SHAH, Facility
Physician, DARRA HOTOPP, Registered
Nurse, JOHN/JANE DOES 5-8, nurses,

                Defendants.
--------------------------------X

The defendants CORRECTIONAL MEDICAL CARE, INC. and EMRE UMAR respectfully submit the following as their Memorandum of Law in Further Support of their Motion to Dismiss pursuant to Rule 12, and in Reply to plaintiff's opposition thereto.

The plaintiff's pleadings, despite the insistence of his counsel, do not set forth sufficient facts against any particular individual medical provider to establish a sufficiently culpable state of mind to impose liability. The plaintiff's reference to *Rashid v. Hussain*, 1997 U.S. Dist. LEXIS 16184 (N.D.N.Y. Sept. 3, 1997), dealing with a motion for summary judgment, is unavailing in this regard. In that case, the inmate's physicians had explicitly identified a need for a particular type of surgery, and yet the patient was not scheduled for that surgery during the following *three years*. This cannot seriously be compared to the allegations

in this complaint, that an ill-defined group of nurses and a physician, collectively provided insufficient care consisting of checking vital signs and providing pain medication, over a period of ten days. There is no allegation that any specific treatment was necessary or recommended, as was the case in *Rashid, supra,* rendering that case totally inapposite to this matter. Similarly, with regard to this group of barely-identified health care providers, there is no allegation of ulterior motives by those individuals for denying him necessary treatment in order to satisfy the state of mind prong of a plaintiff prisoner's deliberate indifference claim, such as existed in another case cited, inappropriately, by plaintiff, specifically *Ellis v. Guarino*, 2004 U.S. Dist. LEXIS 16748, 37-38 (S.D.N.Y. Aug. 24, 2004). As such, the underlying allegations of constitutional violations were not sufficiently pled as against Nurse Hotopp, Dr. Haider-Shah, or the John/Jane Doe nurses, and dismissal should be granted.

Furthermore, even if the plaintiff is found to have adequately pled deliberate indifference on the part of medical staff members, the allegations in support of a *Monell* theory of liability are inadequate and should be dismissed. Despite the plaintiff's attorney's assertions that there is evidence of poor medical care in other cases involving CMC, there is no allegation that any of those claims involved similar situations or conduct to that alleged herein, nor that any policy, procedure or custom was causally connected to the specific alleged failures herein. This has been

held to be insufficient to establish a *Monell* claim, quite explicitly in Iacovangelo v. Corr. Med. Care, Inc., 624 Fed. Appx. 10, 13-14 (2d Cir. N.Y. 2015) and more generally in Monell v. Department of Social Services of New York City, 436 U.S. 658 (1978), City of Canton v. Harris, 489 U.S. 378, 385 (1989); City of St. Louis v. Proprotnik, 485 U.S. 112, 122 (1988); Connick v. Thompson, 131 S.Ct. 1350, 1359-60 (2011); and Walker v. City of New York, 2014 U.S. Dist. LEXIS 42272, 6-7 (S.D.N.Y. Mar. 18, 2014).

In conclusion, the Complaint as pled is insufficient to state a cause of action of deprivation of constitutional rights or a basis for liability against the moving defendants for such violation, and respectfully the action should be dismissed pursuant to Rule 12.

Dated: Poughkeepsie, New York
April 28, 2016

Yours, etc.

The Law Offices of
**STEINBERG, SYMER & PLATT, LLP**

By: JONATHAN E. SYMER (JES-2313)
Attorneys for Defendants
CORRECTIONAL MEDICAL CARE, INC. and
EMRE UMAR
27 Garden Street
Poughkeepsie, New York 12601
(845) 471-4455

TO: LAW OFFICE OF JESSICA M. GORMAN
By: Jessica M. Gorman
Attorneys for Plaintiff
74 Chapel Street, 2nd Floor
Albany, New York 12207

ALBANY COUNTY ATTORNEY'S OFFICE
By: Michael L. Goldstein, Assistant County Attorney
Attorneys for Defendants
COUNTY OF ALBANY, CRAIG APPLE,
THOMAS WIGGER, MICHAEL POOLE,
DAMIEN ANZALONE, ORLANDO COSENTINO
and WILLIAM REDDY
112 State Street, Room 600
Albany, New York 12207